Case No. 17-5540, United States of America v. Angelo Goldston Argument not to exceed 15 minutes per side Mr. Grosick, you may proceed for the appellant Thank you. Good morning, your honors Good morning Christian Grosick on behalf of Angelo Goldston I'd like to reserve three minutes for rebuttal Alright I may have pleased the court A Tennessee conviction for delivering a controlled substance is not a predicate offense under the Armed Career Criminal Act because it covers a broader range of conduct than the ACCA definition of a serious drug offense The ACCA defines a serious drug offense for state controlled substances offenses as an offense that, quote, involves manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance and is punishable by a maximum sentence of 10 years or more There's a two-step analysis that every court has adopted to address this issue The first is to look at the elements The state offense of knowingly, quote, delivering a controlled substance is broader than distribution Under both Tennessee law and federal law the statutes are almost identical under state or federal law Both define distribute as delivering other than by administering or dispensing a controlled substance So under both federal and state law the statute specifically says distribute is delivering, but minus these two things So I understand that argument but it seems highly counterintuitive so I'm wondering if you can help me think about whether or not doctors and pharmacists in Tennessee are, every time they administer, say, morphine are just operating under the hope of prosecutorial discretion that they won't be convicted for delivering Right, they're not, obviously, right? Well, one would assume not, so, okay There's a complex, just like in federal law there's a complex regulatory and statutory scheme about what registrants, licensed practitioners and licensed pharmacists have to do to follow the law Right, and so if administering and dispensing ties back to the definition of administering and dispensing it talks about practitioners, correct? There's another provision of Tennessee law we found one, I'm not sure if they've hired there may be other regulations or other provisions of state law but in the criminal code administering and dispensing relates to practitioners and then there's this whole other body of law that says practitioners are exempt Right Therefore, we're just looking at the statute we would say those provisions of law apply here, and therefore I don't understand how the definition of delivering is actually broader than the federal definition of distributing Absolutely, this is the key issue, I think And under Tennessee law, there is this complex regulatory scheme and as long as practitioners follow that scheme to the letter their licenses, time limit, they keep appropriate records all of those things, they have a safe harbor they can be prosecuted But under state and federal law if a licensed practitioner or registrant violates any of those regulatory requirements then they can be prosecuted criminally In Tennessee, it's in section 53-11-401 and 402 And under state law I'm sorry, and I'll let you continue but would they be prosecuted then for administering or dispensing or would they be then prosecuted for delivering which is the more generic term Right, and the answer is they could be prosecuted for both under Tennessee law in contrast to federal law Under Tennessee law, there's actually a case in 1975 McLean v. State It's at 527 SW 2nd 76 And in that case, the Tennessee courts held if you're a registrant and you violate one of these regulatory requirements you can't be prosecuted under the general criminal law And that's, if that were the law today I would have no argument But in response, the Tennessee legislature amended the criminal code to explicitly state in sections 53-11-401 and 402 that although these penalties apply when a practitioner or registrant violates one of the regulatory requirements it does not bar it explicitly permits prosecution under the general drug laws explicitly What's the provision? Tennessee Code, section 53-11-401 and 402 In 401, it's subsection B3 and it explicitly says a violation of this section or a prosecution under this section does not bar prosecution under the general criminal law Now, in federal law Let me just, from my point of view ask you this big picture Usually, these categorical, modified categorical cases go something like this You're arrested for burglary a general burglary statute And it turns out the defendant who wants to get out of this fix says that would be broader It might be So, burglary usually is houses houses in the nighttime But under this particular statute it might have been a boxcar We don't know and if you can't prove it then tough luck, you government lose That's sort of fair, broad Here I'm understanding you what you're saying is that under state law it might be that Mr. Goldston wasn't just a drug dealer delivering he was a practitioner who, as a doctor or pharmacist was administering some drug Is that kind of a fair picture? Could be a practitioner or their agent Even though there's no chart there's no indication of any sort that he has any kind of license or provision to do any of those things Right, there's nothing about a burglary That's correct That's the gist of it That is the gist of it, that's correct And again Therefore, the same kind of rules should apply even though some of us might say that's even more far afield than the boxcar analogy That's correct The same analysis applies and because there could be, for example an easy requirement that the state could adopt that says practitioners fall under these general under these criminal laws and non-practitioners fall under these and again, there is that there's a bit of that in the federal law There are some specific requirements that apply to practitioners and they can be prosecuted under that section but there's a particular definition that's been adopted as far back as the United States or more versus the United States Do you have a response to the cases of Maldonado and Terran Salas in the 8th and 5th circuits which seem to address a similar kind of effort to make this distinction? Yes, the big difference between those cases and this one, I point to three things actually The first is what I already alluded to which is, unlike those cases when the Tennessee legislature said these general criminal laws don't apply to registrants or their agents the Tennessee legislature stepped in and said, yes they do We intend to apply these to those people The second is the Tennessee Attorney General in an Attorney General opinion was asked about and it's Attorney General opinion 03-135 was asked about pharmaceutical dispensing in the context of veterinary medicine and the Attorney General's opinion says there is this complex regulatory scheme the pharmaceutical scheme which applies to both people in the veterinary context and specific veterinary and that Attorney General opinion again explicitly says licensing and registration violations, those sorts of violations can also be prosecuted under the Tennessee general laws and it explicitly says 39-17-417 Did you cite that Tennessee Attorney General opinion in your briefs? We did not Can you tell us how we can find it? Certainly A Google search was how I found it The number was 03-135 But that's your answer to the reasonable, I'm not sure what the test is used by, reasonable likelihood of prosecution or whatever the test is used That's the language they use, that's correct So your answer is actually there is a reasonable likelihood of prosecution because of the Tennessee AG opinion? The two combined both the legislature stepped in to say we need to apply these laws and the AG's opinion affirming that same thing, yes these laws apply generally I would say distinguish this case from those cases Reasonable probability I don't think Realistic probability To the extent that that language adopts a new test that it imposes a heightened requirement on the categorical approach for serious drug offenses I don't think there is any support for that in the Supreme Court case law Taylor Actually isn't there a quote from Moncrief that uses exactly those same words There must be a realistic probability not a theoretical probability that it's safe to apply it That's right And that case applies to both Taylor and his progeny and serious drug offenses So the point I'm trying to make Perhaps I'm a smoke check box The point I'm trying to make is not that that isn't a statement that applies generally It's that there isn't a heightened requirement in serious drug offenses than in violent felonies and that other prong of the ACCA And in that context these sorts of legal statements that I'm citing are sufficient to establish the state does intend to either prosecute or hold out the possibility of prosecution to this categorical offender And we don't have to actually go courthouse by courthouse and see what the particular facts of each case are In particular, in a state like Tennessee where there is no distinction made there's no argument that one can make A practitioner can't come in and say I was just a practitioner The law is clear So how does it work? Because I'm wondering whether the categorical approach asks us to just match elements and I'm wondering whether this is actually element matching Or if I am the Tennessee Attorney General and I'm trying to prosecute a pharmacist who has not complied with all the strictures of Tennessee law regarding dispensing morphine And so I want to prosecute you under the general criminal law Surely I have to prove something other than you dispensed morphine because you're a pharmacist You're allowed to dispense morphine unless ABC So is it my duty to also prove the unless ABC as a prosecutor that you didn't follow the unless ABC and then if that's true isn't it actually a different crime It's dispensing while being a pharmacist who did not do ABC And the statute speaks to this which is section 3917-427 and says not the prosecutor has to prove these affirmative things but it's a defense, it's an exception to the general drug laws that you followed all of these things set forth in Title 53 which is the regulatory section there So the prosecutor can come in and say you delivered controlled substances And that's all he has to do and the pharmacist then has to prove I have a license and I was following That's right Is there any case in this general genre that deals with an affirmative defense because that seems like a record that we haven't seen before It's a genre that we're not going to learn And so your statement there is that as far as legality is concerned it would be perfectly permissible for every district attorney general in Tennessee to indict every pharmacist in Tennessee who distributes and then they would have to come in and prove affirmative I mean it wouldn't be proper obviously if a prosecuting attorney is aware of the facts that make the conduct illegal They can't indict As a generality affirmative defense if you're right you can prosecute people for things and it's up to them to produce the affirmative defense It is up to them to produce the affirmative That's correct So you're saying it might be if two prosecutors in Tennessee are elected It might not be the most popular position There are electoral controls but as a matter of legality you're saying Tennessee attorney general could do just what I don't think they could just because of I believe the law has developed fairly strongly that when a prosecutor is aware of established facts that make the conduct illegal they cannot seek an indictment and they have to present that evidence to the grand jury although I mean I know what Tennessee You have to overcome affirmative defenses before you can indict a ham sandwich Not overcome but if you know the ham sandwich is just a ham sandwich and there's a law that says ham sandwiches are not don't fall under this law that you can't indict the ham sandwich Thank you Good morning may it please the court Bill Roach for the United States Defendant was properly sentenced as an armed career criminal because he has three convictions under Tennessee law for delivering controlled substance Those convictions are serious drug offenses under the Armed Career Criminal Act because they involve distribution As relevant here the ACCA only requires that the state defense involve distribution  under the ACCA has said that the use of the word involving is an expansive term so it's not just offenses that say distribution or are defined as distribution but it also includes offenses that are related to or connected with now in addition under the categorical approach this court has held that the words there doesn't have to be an exact match between the elements in the state statute and the words that are used serious drug offense under the ACCA or controlled substance offense under the guidelines the elements must only be the type of elements that the federal statute sought to include within its grasp that is certainly the case here and as this court held I would cite the Woodward case to talk about the type of whether it was the type of offense and not just the correct match and I would also cite this court's opinion in United States v. Douglas which looked at the term delivery and compared it to the term distributed under federal and said there was no meaningful distinction between those terms and that case was applying the categorical approach now it was within the sentencing guidelines context but that's not materially different here because the sentencing guidelines also use the word distributed this court also looked to in applying the categorical approach in United States v. Solomon and held that the word deliver as used in that context plainly falls within the meaning of distributed no that's perfectly fine your honor I was actually just getting to those cases and so this court has looked at the words deliver compared to distributed and held that there's no meaningful difference when applying the categorical approach now in trying to in trying to show that the element deliver in the Tennessee statute is broader than distribute under federal law defendant attempts to parse the statutory language but cannot point to a single case in Tennessee law, under Tennessee law where courts have prosecuted anything more than delivery of a controlled substance now in looking at this Tennessee statute 39-17-4-17 this statute criminalizes drug trafficking that is what those are serious drug offenses that is how I would also define criminalizes drug trafficking but it also seems to criminalize administering or dispensing I disagree respectfully your honor and I would like to point out that the way that defendant gets to that definition is reading the word distribute from the Tennessee statute into 39-17-4-17 now distribute is defined as delivering except for administering and dispensing the word distribute is not in 39-17-4-17 that statute says only deliver and deliver as defined means actual constructive or attempted transfer deliver means transfer but distribute says deliver other than administering or dispensing it does your honor but the word distribute as defined in Tennessee law is not in 39-17-4-17 so we have to look to what true so we look to what does deliver mean and then how the Tennessee courts construed that term when Tennessee prosecutors are prosecuting under that offense but if I'm a Tennessee court and I have a case that involves the crime of delivery and it involves somebody who's a drug dealer obviously they have delivered that's not a question I mean the question before me would be sure if you had a case where you could bring me a doctor or a pharmacist and say ah I'm the Tennessee court and I say doctors and pharmacists were administering and dispensing they're not delivering then I'd be very interested but they don't seem to have that case well I think that actually goes to my research point there are no cases in Tennessee under the drug trafficking statute where a licensed medical practitioner or pharmacist is being prosecuted for delivering controlled substances well but couldn't that be either because I mean obviously if you're following the law no prosecutors I mean no prosecutor is going to prosecute the guy at CBS who's giving you your you know your amoxicillin but they're also you know I mean maybe there aren't a lot of doctors and pharmacists in Tennessee who don't follow the Tennessee laws with respect to administering and dispensing and so therefore they don't get prosecuted well we certainly hope they are following the law but I think the broader point here is we have the Tennessee statute how are courts what facts give rise to a conviction under that statute that's how this court looks at the categorical approach first you look at the definitions in the statute and then you look to see what the courts are prosecuting definitive attempts to expand the definition of deliver to include more conduct than a serious drug offense under federal law but they cannot point to any case and that was the point of the Supreme Court's decision in Montgomery that said you can't use your legal imagination to parse the statutory language dream up a scenario where a potential defendant could be prosecuted based on the words of the statute there must be a realistic probability not a theoretical possibility that the state would apply its statute to conduct that falls outside the generic definition of the crime no but that's the problem I mean is this outside the generic definition of the crime it's defined under Tennessee law when Tennessee law says deliver is one thing and then distribute is delivery minus these other two things it's not it's different than Montgomery where we don't have the actual statutory language well I agree with you the statute is certainly different the element 39 17 4 17 8 2 is very brief in the elements it says may not deliver a controlled substance so we looked at the definition of deliver it says transfer then we looked at the Tennessee case law and we look at what type of conduct is criminalized and we see that it's drug trafficking it's trading drugs commercially and there is no case that expands the conduct beyond that to your knowledge I understand you're not a state prosecutor but are you telling me that no doctor or pharmacist in Tennessee has ever been prosecuted for failing to follow the professional licensing rules etc that there's nobody in Tennessee who's ever been prosecuted for illegally dispensing oxycodone or one of those no I'm certainly not saying that your honor and I think pharmacists have been have been prosecuted for the unlawful distribution or delivery of drugs if they're operating outside of their license so in federal law for example in the situation of a pill mill if a pharmacist or a licensed practitioner is abusing their privileges they're abusing their medical license then certainly they can be and we would hope that they are they're not administering or dispensing as it's defined under the Tennessee statute that's exactly right administering and dispensing under the Tennessee statute I'm sorry I probably should have gotten to this earlier that's addressed as the lawful administration or dispensing and if a pharmacist or a licensed medical practitioner is going beyond the bounds of their license then they will be prosecuted under the drug trafficking statute because at that point they're not dispensing medication to a patient they're not administering drugs to someone who's in an operating room at that point they are abusing their license for a commercial purpose they are drug trafficking so even if theoretically Mr. Goldston were a physician and his facts were that he was providing drugs outside of medical need he could be under this statute but he would still be under the ACCA definition that's exactly right your honor that sphere of conduct within 417A2 would fit perfectly within the definition of serious drug offense let's suppose that there was medical necessity but the doctor didn't review his license properly that would be an administrative violation is it true that such a doctor could be prosecuted under this same statute and yet it would also be a serious drug offense under the federal statute in your view? I don't think in that situation a Tennessee prosecutor or court would affirm a conviction for a pharmacist or licensed medical professional who had simply failed to review their license I think that would come under the theoretical possibility but not realistic that's exactly right your honor I think and that is the problem here we can parse the statutory language all day long and we can dream up scenarios as the plaintiff attempted to do or as the defendant attempted to do in the United States v. Powers where it was dealing with the Ohio apprehended robbery statute and the defendant put forth certain hypotheticals and this court cited Montgomery and called those hypothetical possibilities said the defendant was using imaginative flights and said that this court doesn't engage in imaginative flights it looks to realistic probabilities and that's essentially the problem here is we have the statutory definitions but there is no case that seems to or would expand this statute, the Tennessee statute beyond the category it was not cited in the brief your honor I do your honor yes it's 853 Federal 3rd 298 that's the 6th circuit, this court's opinion from 2017 and it, those are the two opinions, Montgomery v. Holder and United States v. Powers in cases that I think they both put the categorical approach in perspective in terms of yes the court looks to the statutory language first but if a defendant can point to no case that creates a realistic probability that a prosecution will be brought and that conduct will be criminalized outside of the scope of the categorical offense then that statute or that, the elements do fall within the scope of the conduct criminalized and we think that that's the major problem here, defendant has cited no case to expand the scope of the conduct criminalized under Tennessee 39-17-4-17-A-2 and because defendant has three or more convictions under that statute we maintain that defendant was properly sentenced as an armed career criminal and we would ask this court to defer defendant's sentence Thank you Thank you Thank you Two points your honors we are relying on legal imagination here we're relying on the statutory language what the Tennessee legislature did when the Tennessee court said these laws don't apply to registrants we're relying on the Tennessee attorney general's office my colleague conceded that if a registrant goes beyond the bounds of their professional license they can be prosecuted under Tennessee law and the difference between federal law and Tennessee law is that in Tennessee the statute explicitly says a pure licensure violation a lapse, anything like that is explicitly chargeable under the general criminal laws Congress my second point, Congress could have said any state offense that quote involves a controlled substance is a predicate offense to the ACCA they didn't, they said any state offense that involves manufacturing or distribution of a controlled substance that language does work and the work it does is it separates exactly the line that Tennessee decided not to draw it separates the line between street crime and drug traffic in general and registration and licensure violations Tennessee looked at the same language the same statutes and said we want to give our prosecutors the authority to prosecute delivery of controlled substances generally Congress looked at that and said that's too much, we want to make sure we're focusing on distribution Tennessee can certainly make that decision, there's a sovereign state and there's no objection to that but that does make it not a categorical ACC predicate thank you